ELIZABETH J. GUENTHER, PLAINTIFF AND APPELLEE, v.
   EDMUND M. MOFFETT AND MARY E. MOFFETT, HIS
   WIFE, DEFENDANTS AND APPELLANTS.

Argued June 2. 1908—Decided November 9, 1908.

A joint judgment against two defendants is indivisible, and, if erroneous as to one defendant, must be reversed *in toto*. *Peterson* v. *Traction Co.*, 42 *Vroom* 296, followed.

On appeal from District Court.

Before Justices GARRISON, SWAYZE and PARKER.

For the defendants, *J. Philip Dippel*.

For the plaintiff, *James C. Agnew*.

The opinion of the court was delivered by

PARKER, J.   The defendants in this case, husband and wife, seem to have made a contract with the plaintiff for the erection of a house on their property by the latter.   There was a provision in the contract that no alterations or extra work

*48 Vroom.* In re Lang.

should be done without a written order from the owners approved by Frank C. Guenther, and an express agreement in writing as to the cost. Frank C. Guenther is the husband of the plaintiff. There was testimony in the case tending to show that certain extra work had been done at the request of Edmund M. Moffett and under his supervision, and on an examination of the evidence it would appear that there was sufficient to justify the trial judge in inferring that the above-quoted clause relating to extra work had been waived, and that there had been substantially a new contract between the parties by parol, but there is nothing in the evidence to show that Mary E. Moffett, the wife, had any knowledge of this work or waived the provision in the contract relating to extra work, or that her husband had been authorized in any way to waive it for her. No valid claim therefore was made out against Mary E. Moffett, and as to her the judgment must be reversed. This leads to a reversal of the entire judgment. *Peterson* v. *Traction Co.*, 42 *Vroom* 296.